

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LARRY JOE MORGAN,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    NO. 4:16-CV-639-A
                                 §
DAVID HAGERMAN,                  §
                                 §
          Defendant.             §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, David
Hagerman, to dismiss. The court, having considered the motion,
the response[1] of plaintiff, Larry Joe Morgan, the record, and
applicable authorities, finds that the motion should be granted.

I.

<u>Background</u>

Plaintiff filed his original petition on June 8, 2016, in
the 141st Judicial District Court of Tarrant County, Texas. On
July 7, 2016, defendant filed his notice of removal, bringing the
action before this court. Doc.[2] 1.

Plaintiff's claims arise out of his March 23, 2013,
conviction by a jury of aggravated assault with a deadly weapon
for which he was sentenced to twenty years' incarceration. Doc. 1

---

[1]Plaintiff's response is titled "Motion Objecting to Any and All Defendant's Motions for Removal or Dismiss." Doc. 10. (The "Doc." reference is to the number of the item on the docket in this action.)

[2]The "Doc." reference is to the number of the item on the docket in this action.

at DA 001. Plaintiff alleges that defendant was the primary prosecutor and broke every rule in the book to achieve plaintiff's conviction. Id. at DA 003. He appears to seek exoneration and damages of three times his daily wages. Id. at DA 013.

Defendant notes that plaintiff has previously filed five other federal court actions attempting to recover damages for wrongful conviction and/or to challenge his state criminal conviction for aggravated assault. In addition, he has filed a number of state court suits.

II.

### Grounds of the Motion

Defendant asserts several grounds in support of his contention that plaintiff cannot proceed with his claims. Among them are that: (1) limitations has expired; (2) the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); and (3) defendant is entitled to absolute prosecutorial immunity.

III.

### Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Iqbal, 556 U.S. at 678.  To allege a plausible right
to relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient.  Id.  In other words, where the facts pleaded do no
more than permit the court to infer the possibility of
misconduct, the complaint has not shown that the pleader is

3

entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

IV.

Analysis

The law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of

4

outstanding criminal judgments." Id., 512 U.S. at 486. Plaintiff does not dispute that the underlying conviction has not been set aside.

In addition, the law is clear that a prosecutor enjoys absolute immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). See also Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976).  Because the only allegations against defendant concern actions taken in his role in prosecuting plaintiff's criminal trial, he is immune from liability for such actions.  Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding prosecutor is absolutely immune from § 1983 suit predicated on malicious prosecution); see also Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam)(immunity applies even if the prosecutor is accused of knowingly using perjured testimony).

The court need not reach the issue of limitations or other arguments that would support the dismissal of plaintiff's claims.

V.

<u>Order</u>

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED July 25, 2016.

_____
JOHN McBRYDE
United States District Judge